IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR-03-176-N-EJL |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM ORDER** |
| 1997 TOYOTA 4-RUNNER, ) | |
| VIN #JT3HN87R2V0070456, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court in the above-entitled matter is the Verified Statement of Interest filed by Mary Jo Wallace (Docket No. 503) and the United States' Motion to Dismiss the Claim of Mary Jo Wallace (Docket No. 537). As of June 21, 2005, Ms. Wallace failed to file a response to the government's motion to dismiss.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Failure to Respond to the Motion

The claim of an interest in property is a civil matter. The Court's review of the motion to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds the Defendants that pro se litigants are held to same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1 •   MEMORANDUM ORDER

District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys and pro se litigants practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[1] The certificate of service indicates the United States mailed the motion to dismiss and the memorandum to Ms. Wallace on May 19, 2005. The Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(f).

A motion to dismiss can be granted for failure to comply with local rules. Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995).

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Id. at 53 citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In the interest of justice and based on the public policy favoring disposition of cases on the merits, the Court will review the merits of the motion to dismiss and will not summarily grant the motion based on Ms. Wallace's failure to file a response.

---

[1] D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party <u>must</u> serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely. (Emphasis added.)

2   •   MEMORANDUM ORDER

Merits Analysis

Ms. Wallace claims an interest in a 1997 Toyota Forerunner which she claims she is the lienholder and that she supplied all of the money used for the purchase of the vehicle. Therefore, Ms. Wallace claims the vehicle should not be subject to forfeiture by her son, Geoffrey Wallace, who was convicted of conspiracy to commit money laundering and forfeiture related to the money laundering. Defendant admitted in his plea agreement that he purchased vehicles with drug proceeds to facilitate the conspiracy directed by Nate Norman and the purchases were made to conceal the true ownership.

The government filed a motion to dismiss claiming Ms. Wallace's claim should be dismissed as it fails to state a claim upon which relief can be granted. Specifically, the government argues Ms. Wallace's claim does not satisfy a claim for recovery under either of the two prongs of 21 U.S.C. § 853(n)(6)(A) or (B):

> (A) the petitioner has legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the same time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section . . . .

It is Ms. Wallace's burden to prove she is entitled to relief. In the present case, the purchase documents show the purchaser to be Geoffrey Wallace, not Ms. Wallace. Second, the certificate of title shows Geoffrey Wallace as the owner and Ms. Wallace was not added as the lienholder until March 29, 2004 which is well after the indictment being filed in the criminal case in July 2003. Third, although Ms. Wallace has attached a deposit slip for $14,700, there is no evidence of who's account the deposit slip applies or the source of the funds to make the deposit. Ms. Wallace has not

3  •  MEMORANDUM ORDER

provided the Court with any evidence the $14,700 came from legitimate funds instead of money laundered funds. Geoffrey Wallace admitted to purchasing vehicles with drug proceeds and there is no evidence before the Court that would take his purchase of this vehicle on October 9, 2002 outside the time period of the conspiracy. Fourth, the fact the vehicle was a used vehicle is consistent with the other purchases of vehicles and other property with drug proceeds set forth in the criminal indictment in this matter (Docket No. 1).

The Court finds Ms. Wallace has not shown by a preponderance of the evidence that she had a prior interest in the vehicle or that she was a bona fide purchaser of the vehicle. For these reasons, her claim fails to satisfy the requirements of the statute and the motion to dismiss must be granted.

Being fully advised in the premises, the Court hereby orders the government's motion to dismiss (Docket No. 537) is GRANTED and the claim of Ms. Wallace (Docket No. 503) is DENIED.

DATED: **June 22, 2005**

Honorable Edward J. Lodge
U. S. District Judge